## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

JULIE SU,

                          Plaintiff,

v.                                                    CIVIL ACTION NO.   2:22-cv-00371

CHARLES HATFIELD, et al.,

                          Defendants.


### CONSENT JUDGMENT AND ORDER

This action was brought by Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor (the "Acting Secretary") against Charles Hatfield ("Hatfield") and the Williamson Memorial Hospital LLC ("WMH") Employee Benefit Plan (the "Plan") under Sections 409 and 502(a)(2) and (5) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1109, 1132(a)(2) and (5), to obtain equitable remedies that will redress violations, obtain appropriate equitable relief for breaches of fiduciary duty under ERISA Section 409, 29 U.S.C. § 1109, and obtain such further equitable relief as may be appropriate to enforce the provisions of Title I of ERISA.

The Acting Secretary and Hatfield have agreed to resolve the claims in the Complaint without further litigation. Hatfield agrees to the entry of this Consent Judgment and Order by the Court, the terms of which are set forth herein:

A.      For the purposes of this Consent Judgment, Hatfield admits that the Court has jurisdiction over them and the subject matter of this action.

B.      The Acting Secretary has agreed to resolve all claims asserted in the Complaint

against Hatfield for the relief set forth below. Acting Secretary and Hatfield agree that neither will appeal this Order as written and entered.

C.    This Consent Judgment may be signed in multiple counterparts and transmitted by facsimile or by electronic mail or by any other electronic means intended to preserve the original graphic and pictorial appearance of a party's signature, each of which shall be deemed an original, but all of which, taken together, shall constitute one and the same instrument. This Consent Judgment is only valid if signed by the Acting Secretary and Hatfield, or their designated representatives.

D.    The Acting Secretary and Hatfield intend for this Consent Judgment and Order to constitute the complete, exclusive, and fully integrated statement of their agreement. As such, this Consent Judgment and Order is the sole repository of the agreement between the Acting Secretary and Hatfield. The parties herein are not bound by any other agreements, promises, statements, representations, or writings of any kind or nature.

Accordingly, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1.    This Court has jurisdiction over this action.

2.    This Court has jurisdiction over Hatfield.

3.    The Acting Secretary previously determined that there are substantial outstanding bills and/or monies due attributable to legitimate claims presented to the Plan during Hatfield's tenure as Chief Executive Officer of WMH, through which participants and beneficiaries directly received benefits under the Plan from healthcare providers and other service providers (the "Unpaid Claims").

4.    Hatfield is now removed as a fiduciary of the Plan, and is also removed from the role(s) of trustee, fiduciary, advisor, or administrator that he holds with respect to any other employee benefit plan, as that term is defined at Section 3(3) of ERISA, 29 U.S.C. § 1002(3).

5.      The Court appoints Examination Resources, LLC as the independent fiduciary for the Plan (the "Independent Fiduciary"). The Independent Fiduciary shall have plenary authority over the administration, management, and assets of the Plan, and is subject to ERISA's fiduciary duties. The Independent Fiduciary is directed to take all appropriate actions to satisfy or otherwise resolve all Unpaid Claims in accordance with this Consent Judgment and ERISA. These actions include: (1) marshaling all Plan assets, including those remitted under this Consent Judgment, to be held in trust; (2) contacting healthcare providers or other service providers who claim entitlement to compensation related to Unpaid Claims; (3) notifying affected Plan participants and beneficiaries of this Consent Judgment and Order; (4) answering Plan participant and beneficiary questions and providing assistance to those participants and beneficiaries, as needed; and (5) providing reasonable routine updates and/or reports to the Acting Secretary and Hatfield on an as-needed basis. The Independent Fiduciary is empowered to instruct the custodians of the Plan's assets, Plan record keepers, and other third-party Plan service providers respecting the performance of its duties as independent fiduciary, including as to disposition of the Plan's assets. No third-party service provider is permitted to refuse the Independent Fiduciary's instructions because of fees they claim to be owed relating to the Plan.

6.      In order to resolve the Complaint's allegations and claims, including to resolve all Unpaid Claims to be determined, Hatfield shall pay or cause to be paid the total sum of Unpaid Claims, as determined by the Independent Fiduciary appointed on behalf of the Plan under Paragraph 5 above, in accordance with the procedures set forth below:

     a.      Hatfield shall remit, or cause to be remitted, the following amounts to the Independent Fiduciary by the dates set forth below:

- $15,000 on or before 30 days from the entry of this Consent Judgment;

- $15,000 on or before 60 days from the entry of this Consent Judgment;

- $10,000 on or before 90 days from the entry of this Consent Judgment;

- $10,000 on or before 120 days from the entry of this Consent Judgment;

- $10,000 on or before 150 days from the entry of this Consent Judgment;

- $10,000 on or before 180 days from the entry of this Consent Judgment;

- $10,000 on or before 210 days from the entry of this Consent Judgment;

- $10,000 on or before 240 days from the entry of this Consent Judgment;

- $10,000 on or before 270 days from the entry of this Consent Judgment;

- $10,000 on or before 300 days from the entry of this Consent Judgment;

- $10,000 on or before 340 days from the entry of this Consent Judgment;

- $10,000 on or before 365 days from the entry of this Consent Judgment.

b. Hatfield shall provide written proof to the Acting Secretary for each of the above payments immediately upon completion of the payment.

c. In the event that Hatfield fails to timely remit, or cause to be remitted, the full amount due on each specified date as set forth in Paragraph 6(a) above, the entire amount of equitable restitution then owing under Paragraph 6(a), plus interest to be calculated at the post-judgment rate of interest in effect at the time of the entry of this Consent Judgment, shall become immediately due and payable.

d. The Plan shall have no property interest in the sums remitted under Paragraph 6(a) above until the Independent Fiduciary determines, following the actions set forth in Paragraphs 5, 8, and 9 herein, the actual amount of Unpaid Claims.

e. If, following the actions set forth in Paragraphs 5, 8, and 9 herein, the Independent Fiduciary determines that restitution is in excess of the amounts set forth in Paragraph 6(a) necessary to resolve the Unpaid Claims, Hatfield shall remit, or cause to be remitted, those amounts to the Plan's trust in accordance with directions from the Independent Fiduciary on a schedule of at least $10,000 every

4

30 days, to begin on or before 395 days from entry of this Consent Judgment and Order. Alternatively, if the Independent Fiduciary determines that the amounts set forth in Paragraph 6(a) exceeds the restitution necessary to resolve the Unpaid Claims, the Independent Fiduciary shall so advise the Acting Secretary and Hatfield in writing and promptly return any overpayment by Hatfield. In this event, the Acting Secretary and Hatfield agree that Hatfield is excused from making further payments to the Independent Fiduciary under Paragraph 6(a).

7.    The Independent Fiduciary shall be compensated for the performance of its duties and costs incurred, as described in the attached proposal, payable solely from funds remitted by Hatfield, either directly or on his behalf, under this Consent Judgment. Before taking compensation, fees, or expenses from the amounts remitted, the Independent Fiduciary shall provide written notice of such compensation, fees or expenses, by filing a fee notice with this Court and by serving a copy to the Acting Secretary and Hatfield. If within 15 days after filing of a fee notice, no objection to the fee notice is filed with this Court, such compensation, fees, and expenses shall be deemed reasonable expenses and shall be paid without further action or approval of this Court. If an objection to a fee notice is filed with this Court within 15 days after filing of such fee notice, the Court shall hold a hearing on the matter and the compensation, fees, expenses described in the fee notice shall be paid from the money remitted by Hatfield to the extent approved by the Court.

8.    The Independent Fiduciary shall promptly make all reasonable efforts to investigate and ascertain all Unpaid Claims, including their current status.

9.    The Independent Fiduciary shall take all actions necessary to satisfy or otherwise resolve all Unpaid Claims, consistent with this Consent Judgment and ERISA's requirements. These actions include:

a.  Obtaining confirmation, in writing, that each healthcare provider or other service provider who was not fully paid for one or more Unpaid Claims has assigned, waived, discounted, written down, adjusted, written-off, or abandoned the right to pursue and/or collect payment for those services.

b.  Negotiating with healthcare providers or other service providers who were not fully paid for one or more Unpaid Claims to seek reduction of amounts owed for those services or to otherwise reach a settlement that definitively and completely resolves any claim(s) to payment the provider has for those services.

c.  Negotiating with any other party, who claims and proves entitlement to compensation arising from one or more Unpaid Claims, to seek reduction of that claimed compensation or to otherwise reach a settlement that definitively and completely resolves the claim(s) to compensation.

10.  The Independent Fiduciary shall have sole discretion to negotiate or otherwise communicate on the Plan's behalf with respect to Unpaid Claims, subject to this Consent Judgment and Order and ERISA. The Independent Fiduciary shall also have sole discretion to determine how and to what extent it should pursue efforts to resolve all Unpaid Claims, subject to this Consent Judgment and Order and ERISA.

11.  The Independent Fiduciary shall investigate and determine whether any Plan participants or beneficiaries directly paid, in whole or in part, for services they received under the Plan, during Hatfield's tenure as Chief Executive Officer of WMH, from healthcare providers and other service providers in an amount in excess of what they should have paid for those services under the Plan's terms.

12.  If necessary and appropriate, the Independent Fiduciary may contact credit agencies to correct any negative action resulting from an Unpaid Claim.

13.     Upon completing the tasks set forth above, the Independent Fiduciary shall consider whether termination of the Plan is appropriate in light of the Plan documents, ERISA, and other applicable federal law. If it determines that termination is appropriate, it will have authority to perform all actions necessary to wind down and terminate the Plan, consistent with the Plan documents and ERISA.

14.     Hatfield shall not serve as a trustee, fiduciary, advisor, or administrator to any employee benefit plan, as that term is defined at Section 3(3) of ERISA, 29 U.S.C. § 1002(3), or serve in any capacity that involves decision-making authority or custody or control of the moneys, funds, assets, or property of any employee benefit plan subject to ERISA.

15.     A copy of this Consent Judgment and Order shall be filed with the Plan records.

16.     The Court orders Hatfield, along with his agents, employees, service providers, banks, accountants, and attorneys, to provide the Independent Fiduciary with all of the books, documents, and records relating to the finances and administration of the Plan, to the extent that he has such items.

17.     The Court orders all third-party service providers to the Plan, including the Plan custodian, along with their agents, employees, service providers, banks, accountants, and attorneys, to provide the Independent Fiduciary with all of the books, documents, and records relating to the finances and administration of the Plan, and to make an accounting to the Plan of all contributions to the Plan, and all transfers, payments, or expenses incurred or paid in connection with those Plan.

18.     In the event that Hatfield files for bankruptcy protection at any time before satisfaction of the monies and payments he owes under this Consent Judgment, Hatfield shall not oppose any proof of claim that the Acting Secretary files in the bankruptcy proceeding for any amounts still owing under this Consent Judgment. In addition, Hatfield stipulates that the unpaid amounts shall be treated as a non-dischargeable debt under 11 U.S.C. § 523(a)(4).

19.     The Acting Secretary hereby assesses a penalty of 20 percent of the applicable recovery amount under ERISA § 502(l), 29 U.S.C. § 1132(l). However, under the circumstances of this case, the Secretary hereby does and will accept, as full satisfaction of the assessed penalty, payment of 10 percent of the final amount of Unpaid Claims, net of any overpayment by Hatfield, paid pursuant to this Consent Judgment and Order. Hatfield agrees to waive the notice of assessment and service requirement of 29 C.F.R. § 2570.83, and to waive all legal rights to appeal, contest, or seek a further reduction of this assessment. Hatfield shall pay any applicable penalty amount within 30 days of receipt of the calculation by the Independent Fiduciary, under Paragraphs 6(d) and 6(e), of the total amount required to pay the Unpaid Claims. Hatfield shall pay this amount online by logging into the Debt Collection EBSA-ERISA Civil Penalty website at https://www.pay.gov/public/form/start/1063197296. Payment shall include reference to EBSA Case No. 22-015867 (50).

20.     Hatfield, as well his agents, beneficiaries, representatives, assigns, and successors in interest, hereby release the Acting Secretary and the Acting Secretary's officers, agents, attorneys, employees, and representatives, both in their individual and official capacities, from all actions, claims, and demands of whatsoever nature, including those arising under any statute, rule, or regulation, that relate in any manner to the filing, prosecution, and maintenance of this civil action or any other proceeding or investigation relating to or in connection with this civil action. Hatfield also expressly waives any and all such claims of any nature that it may have against the Acting Secretary, the Department of Labor, or any of the Acting Secretary's officers, agents, attorneys, employees, or representatives arising under the Equal Access to Justice Act, as amended, 5 U.S.C. § 504 and 28 U.S.C. § 2412.

21.     This Consent Judgment and Order shall operate as a full, final, and complete judicial resolution and disposition of all claims that were asserted in the First Amended Complaint by the Acting Secretary against Hatfield, and the Acting Secretary hereby releases

Hatfield with respect to those claims, aside from any proper and necessary enforcement of this Consent Judgment and Order requested by either party herein.

22.  Nothing in this Consent Judgment and Order is binding on any governmental agency other than the U.S. Department of Labor.

23.  This Court retains jurisdiction over this action for purposes of enforcing compliance with the terms of this Consent Judgment and Order by any party, as necessary.

24.  The Court directs the entry of this Consent Judgment and Order as a final order pursuant to Federal Rule of Civil Procedure 54.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      September 10, 2024

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

The parties approve the Consent Judgment and Order as to form and substance:

| For Plaintiff: | For Defendant Charles Hatfield |
|---|---|
| Seema Nanda<br>Solicitor of Labor<br><br>Jeffrey Rogoff<br>Regional Solicitor<br><br><br>By: Michael R. Hartman<br>Counsel for ERISA<br>U.S. Department of Labor<br>201 Varick Street<br>New York, NY 10014<br>646-264-3673 (Phone)<br>hartman.michael@dol.gov<br><br>*Attorneys for Plaintiff*<br><br><br><br><br><br><br>Dated:    June 21, 2024 | By: Edward P. Tiffey<br>TIFFEY LAW PRACTICE, PLLC<br>205 Capitol Street, 4th Floor<br>P.O. Box 3785<br>Charleston, WV 25337-3785<br><br>Dated: 6/21/2024 |